E-FILED
Tuesday, 08 April, 2014  03:21:11 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| KIRBY WILLIAM, | ) |
| --- | --- |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) No.: 14-3051 |
|  | ) |
|  | ) |
| DR. BAKER, WEXFORD HEALTH SOURCES, INC., TERRY WILLIAMS, and PAM SCHLEUTER, | ) ) ) |
|  | ) |
| Defendants. | ) |

## MERIT REVIEW OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court for a merit review, pursuant to 28 U.S.C. § 1915A, of Plaintiff Kirby William's claims and for consideration of his pending motions.

### I.
### MERIT REVIEW UNDER 28 U.S.C. § 1915(A)

Under 28 U.S.C. § 1915(e)(2) and § 1915A, the Court is required to carefully screen a complaint filed by a plaintiff who seeks to proceed in forma pauperis. The Court must dismiss a complaint, or a portion thereof, if the plaintiff has raised claims that are legally "frivolous or malicious," that fails to state a claim upon

which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.*

The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim for relief if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

In reviewing the complaint, the Court accepts the factual allegations as true and liberally construes them in plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Conclusory statements and labels are insufficient. Fed. R. Civ. P. 8; *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012) (holding that, in order to determine if a complaint states a plausible claim, the court must take non-conclusory, non-speculative facts as true, draw all reasonable inferences in the pleader's favor, and isolate and ignore statements that simply rehash claim elements or offer only legal labels and conclusions). Instead, sufficient facts

must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(internal quotation omitted).

## II.
## ANALYSIS

William is an inmate within the Illinois Department of Corrections ("IDOC"). William, at all relevant times, was housed at the Western Illinois Correctional Center. According to William, Defendants Dr. Baker, Terry Williams, and Pam Schlueter are IDOC employees, and Defendant Wexford Health Sources maintains a contract with IDOC to provide medical services to inmates within the IDOC.

William claims that he received a gunshot wound to his head in 1994. This gunshot wound left him blind in his left eye, left him without hearing in his left ear, and caused him to suffer Grand Mal seizures. William alleges that, when he arrived at the Western Illinois Correctional Center on February 6, 2012, he met with Dr. Baker, and the two of them reviewed William's medical history, including discussing the fact that William suffered from severe headaches.

William contends that on November 16, 2012, he began experiencing drainage from his left ear. William was then placed under observation and began receiving treatment. William further contends that Dr. Baker performed surgery on him that Dr. Baker was not capable of performing.

William has filed the instant suit pursuant to 42 U.S.C. § 1983. "To prevail in this section 1983 action, [William] must establish (1) that he had a constitutionally protected right, (2) that he was deprived of that right, (3) that [the defendant] intentionally deprived him of that right and (4) that [the defendant] acted under color of state law." *Forrest v. Prine*, 620 F.3d 739, 743 (7th Cir. 2010).

William asserts that Defendants violated his rights in two ways. First, William alleges that Defendants violated his rights protected by the Americans with Disabilities Act and the Rehabilitation Act. Second, William alleges that Defendants were deliberately indifferent to his serious medical needs. William also includes a state law medical malpractice claim in his Complaint.

William's Complaint fails to state a cause of action under the Americans with Disabilities Act or the Rehabilitation Act. The relief,

if any, available to William under either act is coextensive. *Jaros v. Illinois Dep't of Corrections*, 684 F.3d 667, 671 (7th Cir. 2012). Therefore, the Court may focus on William's claim under the Rehabilitation Act. *Id*; *Calero-Cerezo v. United States Dep't of Justice*, 355 F.3d 6, 11 n. 1 (1st Cir. 2004)(holding that the dismissal of the plaintiff's ADA claim had no effect on the scope of his remedy because the Rehabilitation Act claim remained).

"To state a claim under the Rehabilitation Act, [Williams] need only allege that (1) he is a qualified person (2) with a disability and (3) the Department of Corrections denied him access to a program or activity because of his disability." *Jaros*, 684 F.3d at 672; 29 U.S.C. § 705(2)(B). William has not alleged that anyone denied him access to a program or activity because of his disability. William has alleged instead that Defendants denied him access to competent health care or medical treatment, but that is not the same as denying access to a program or activity. *E.g., Resel v. Fox,* 2001 WL 1654524, * 4 (7th Cir. Dec. 20, 2001)("[A] prison official does not violate the ADA when failing to attend to the medical needs of . . . disabled prisoners."); *Perrey v. Donahue*, 2007 WL 4277621, * 4 (N.D. Ind. Dec. 3, 2007)("The Rehabilitation Act was not intended

5

to require prison officials to provide medical treatment to prisoners with a serious medical needs."). Accordingly, William's Complaint fails to state a cause of action upon which relief can be granted under the ADA or Rehabilitation Act.

The Court will allow William's Complaint to proceed against Dr. Baker for being deliberately indifferent to his serious medical needs. The deliberate indifference standard requires an inmate to clear a high threshold in order to maintain a claim for cruel and unusual punishment under the Eighth Amendment. *Dunigan ex rel. Nyman v. Winnebago County,* 165 F.3d 587, 590 (7th Cir. 1999).

"In order to prevail on a deliberate indifference claim, a plaintiff must show (1) that his condition was 'objectively, sufficiently serious' and (2) that the 'prison officials acted with a sufficiently culpable state of mind." *Lee v. Young,* 533 F.3d 505, 509 (7th Cir. 2008)(quoting *Greeno v. Daley,* 414 F.3d 645, 652 (7th Cir. 2005)); *Duckworth v. Ahmad,* 532 F.3d 675, 679 (7th Cir. 2008) (same). "A medical condition is serious if it 'has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention.'" *Lee,* 533 F.3d at 509 (quoting *Greeno,* 414 F.3d at 653). "With

6

respect to the culpable state of mind, negligence or even gross negligence is not enough; the conduct must be reckless in the criminal sense." *Id.*; *Farmer v. Brennan*, 511 U.S. 825, 836-37 (1994)("We hold . . . that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference.").

According to William, Dr. Baker did not properly treat William's medical needs. Perhaps more importantly, Dr. Baker performed surgery upon William that Dr. Baker was allegedly not competent to perform. The Court finds that William's allegations are sufficient to state a cause of action for deliberate indifference and to state a cause of action for medical malpractice.

The Court will not allow William's Complaint to proceed against the other named Defendants, however, because he has failed to allege that they have any personal liability to William for any alleged violation of his Constitutional rights. "[I]ndividual

liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'" *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) (quoting *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003)). Indeed, the United States Court of Appeals for the Seventh Circuit has explained that the doctrine of *respondeat superior* (a doctrine whereby a supervisor may be held liable for an employee's actions) has no application to § 1983 actions. *Gayton v. McCoy*, 593 F.3d 610, 622 (7th Cir. 2010).

    Instead, in order for a supervisor to be held liable under § 1983 for the actions of his subordinates, the supervisor must "approve[] of the conduct and the basis for it." *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)("An official satisfies the personal responsibility requirement of section 1983 . . . if the conduct causing the constitutional deprivation occurs at [his] direction or with [his] knowledge and consent.")(internal quotation omitted). "[S]upervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference." *Backes v. Village of Peoria Heights,*

*Illinois*, 662 F.3d 866, 870 (7th Cir. 2011) (quoting *Chavez*, 251 F.3d at 651)). "In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery." *Gentry*, 65 F.3d at 561.

William has failed to allege any actions or inactions on behalf of Wexford Health, Williams, or Schlueter. Instead, William simply names them as Defendants and lumps them together with Dr. Baker. The only claim made by William that states a cause of action upon which relief can be granted is one for deliberate indifference, and these other Defendants cannot be held liable for such a claim based upon William's allegations.

## III.
## PENDING MOTIONS

William has filed several motions along with his Complaint. The first is a motion for leave to proceed in forma pauperis. The Court grants that motion.

The second is a motion to amend his Complaint to include a claim for medical malpractice. The Court will grant that motion and will allow William to maintain a medical malpractice cause of action against Dr. Baker.

9

The third motion is one for appointment of counsel. The Court will deny that motion. The Court cannot consider the merits of the motion until William shows that he has made reasonable efforts to find counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). Typically, a plaintiff makes this showing by writing to several different law firms and attaching the responses to the motion for appointment of counsel. William may renew his motion for counsel, but if he chooses to do so, he should attach the responses that he receives from the lawyers that he contacts to represent him. In addition, William should set forth his educational level, work experience inside and outside of the facility, his litigation experience (if any), and any other facts relevant to whether he is competent to proceed without an attorney.

The fourth motion is one seeking a temporary restraining order and preliminary injunction. The Court denies that motion.

The standards for entering a temporary restraining order are identical to those for entering a preliminary injunction. *Anthony v. Village of South Holland*, 2013 WL 5967505, * 2 (N.D. Ill. Nov. 8, 2013). "To obtain a preliminary injunction, the moving party must show that its case has 'some likelihood of success on the merits'

and that it has 'no adequate remedy at law and will suffer irreparable harm if a preliminary injunction is denied.'" *Stuller, Inc. v. Steak N Shake Enter., Inc.*, 695 F.3d 676, 678 (7th Cir. 2012) (quoting *Ezell v. City of Chicago*, 651 F.3d 684, 694 (7th Cir. 2011).

If the moving party meets these threshold requirements, the district court must consider the irreparable harm that the nonmoving party will suffer if preliminary relief is granted, balancing such harm against the irreparable harm the moving party will suffer if relief is denied. *Id.* The district court must also consider the public's interest in an injunction. *Id.* In this balancing of harms, the district court must weigh these factors against one another "in a sliding scale analysis." *Christian Legal Soc'y v. Walker*, 453 F.3d 853, 859 (7th Cir. 2006). The sliding scale approach is not mathematical in nature; rather, "it is more properly characterized as subjective and intuitive, one which permits district courts to weigh the competing considerations and mold appropriate relief." *Abbot Labs. v. Mead Johnson & Co.*, 971 F.2d 6, 12 (7th Cir. 1992)).

The Court finds that William is not entitled to a temporary restraining order or a preliminary injunction because he has failed to demonstrate a likelihood of success on the merits and because

he has failed to demonstrate irreparable harm if preliminary relief is not granted. The primary relief that William seeks is to be transferred to another facility to receive treatment from doctors and nurses at a different facility.

However, the Eighth Amendment guarantees a prisoner treatment of his serious medical needs, not a doctor of his own choosing. *Estelle v. Gamble*, 429 U.S. 97, 104-106 (1976); *United States v. Rovetuso*, 768 F.2d 809, 825 (7th Cir. 1985). "A prisoner has the right to medical care, however, he does not have the right to determine the type and scope of the medical care he personally desires." *Carter v. Ameji*, 2011 WL 3924159, * 8 (C.D. Ill. Sept. 7, 2011)(citing *Coppinger v. Townsend*, 398 F.3d 392, 394 (10th Cir. 1968)).

"The Eighth Amendment does not require that prisoners receive unqualified access to healthcare. Rather, inmates are entitled only to adequate medical care." *Leyva v. Acevedo*, 2011 WL 1231349, * 10 (C.D. Ill. Mar. 28, 2011)(internal quotations omitted). "Further, a difference of opinion between a physician and the patient does not give rise to a constitutional right, nor does it state a cause of action under § 1983." *Carter*, 2011 WL 3924159 at * 8.

"A prisoner's dissatisfaction with a doctor's prescribed course of treatment does not give rise to a constitutional claim unless the medical treatment is so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate the prisoner's condition." *Snipes v. Detella,* 95 F.3d 586, 592 (7th Cir. 1996).

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997). Given the high threshold that William must cross in order to prevail on his deliberate indifference claim, and given the tenor of his allegations in his Complaint, brief, and affidavit, the Court finds that William has failed to carry his burden of showing entitlement to a preliminary injunction. *Rust Envt. & Infrastructure, Inc. v. Teunissen,* 131 F.3d 1210, 1219 (7th Cir. 1997)(holding that a party seeking a preliminary injunction must satisfy each element of the five-part test).

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's motion to proceed in forma pauperis [2] is GRANTED. The Clerk of the Court is directed to determine the amount of the initial partial filing fee, if any, that is due as well as the amount of any future payments to be made by Plaintiff.

2. Plaintiff's motion to amend his Complaint to include a medical malpractice cause of action [3] is GRANTED.

3. Plaintiff's motion for appointment of counsel [4] is DENIED.

4. Plaintiff's motion for a temporary restraining order and preliminary injunction [5] is DENIED.

5. Pursuant to the Court's merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff's Complaint states a claim against Defendant Dr. Baker for deliberate indifference to a serious medical need and for malpractice under Illinois state law. Any additional claim(s) shall not be included in the case except at the Court's discretion on a motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

6. The Court also finds that Plaintiff's Complaint fails to state a cause of action against Defendants Wexford Health Sources, Terry Williams, and Pam Schlueter, and they are DISMISSED. Plaintiff's claims under the Americans with Disabilities Act and the Rehabilitation Act are also DISMISSED.

7. This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions in order to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

8. The Court will attempt service on Defendant by mailing them a waiver of service. Defendant has 60 days from service to file an Answer. If Defendant has not filed an Answer or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter an order setting discovery and dispositive motion deadlines.

9. With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

10. Defendant shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendant. Therefore, no response to the answer is necessary or will be considered.

11. Once counsel has appeared for Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's

documents electronically and send notices of electronic filing to defense counsel.  The notices of electronic filing shall constitute service on Defendant pursuant to Local Rule 5.3.  If electronic service on Defendant is not available, Plaintiff will be notified and instructed accordingly.

12. Counsel for Defendant is hereby granted leave to depose Plaintiff at his place of confinement.  Counsel for Defendant shall arrange the time for the deposition.

13. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:  **1) SHOW PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS [2] AS GRANTED; 2) SHOW PLAINTIFF'S MOTION TO AMEND [3] AS GRANTED; 3) SHOW PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL [4] AS DENIED; 4) SHOW PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION [5] AS**

DENIED; 5) ATTEMPT SERVICE ON DEFENDANT PURSUANT TO THE STANDARD PROCEDURES; 6) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES; 7) DISMISS WEXFORD HEALTH SOURCES, TERRY WILLIAMS, AND PAM SCHLUETER AS PARTY DEFENDANTS; 8) AND SHOW PLAINTIFF'S CLAIMS UNDER THE AMERICANS WITH DISABILITIES ACT AND REHABILITATION ACT AS DISMISSED FOR FAILING TO STATE A CAUSE OF ACTION UPON WHICH RELIEF CAN BE GRANTED.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARHSAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).

ENTER: April 8, 2014

FOR THE COURT:

                                              <u>s/ Sue E. Myerscough</u>
                                                SUE E. MYERSCOUGH
                                       UNITED STATES DISTRICT JUDGE